U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 18 2006

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES W. GIFFORD o/b/o ANTHONY GIFFORD, Appellant | CIVIL ACTION NO. CV-05-1759-A |
| VERSUS | |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY, Appellee | JUDGE DEE D. DRELL MAGISTRATE JUDGE JAMES D. KIRK |

MEMORANDUM ORDER

The Commissioner of Social Security filed an unopposed motion for sixth sentence remand pursuant to 42 U.S.C. § 405(g) on May 16, 2006 (Doc. Item 10), in the above-captioned case, on the basis that the Social Security Administration Office of Hearing and Appeals lost the claim file in this matter.

In Shalala v. Shaefer, 509 U.S. 292, 296-7, 113 S.Ct. 2625, 2629, 125 L.Ed.2d 239 (1993), the Supreme Court stated the exclusive methods by which district courts may remand to the Commissioner are set forth in sentence four and sentence six of 42 U.S.C. § 405(g), as follows:

> "[4] The district court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing."

> "[6] The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the

case to the Secretary for further action by the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based."

A sentence six remand may be ordered in only two situations: where the Commissioner, for good cause shown, requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency. Shaefer, 509 U.S. at 297, 113 S.Ct. at 2629, citing Melkonyan v. Sullivan, 501 U.S. 89, 99-100, 111 S.Ct. 2157, 2163-64 (1991).

The Commissioner is requesting a sixth sentence remand. The Commissioner's proposed final judgment specifically states the case will be remanded to the Commissioner "for further administrative action" and that "any additional or modified findings and a transcript of further proceedings by the Commissioner shall be filed as part of this action."

The Commissioner's motion to remand is properly within the scope of sentence six because the motion was made before an answer was filed and is supported by good cause. Therefore, this case will be remanded for reconstruction of the claim file with all deliberate speed and as expeditiously as possible. To that end, a time limit will be imposed. Gifford may recover reasonable costs

and fees for his attorney and any expert witnesses reeded at any additional hearing necessitated by the remand. See Molina v. Shalala, 77 F.3d 489, 1996 WL 64990, *3 (9th Cir. 1996); McCullough v. Apfel, 95 F.Supp.2d 956 (S.D.Ind. 2000); Davis v. Apfel, 1999 WL 1007345, *1 (E.D.N.Y. 1999), citing Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981) ("the remanding court is vested with equity powers and, while it may not intrude upon the administrative province, it may adjust its relief to the exigencies in accordance with the equitable principles governing judicial action"); Davila v. Shalala, 848 F.Supp. 1141, 1144 (S.D.N.Y. 1994)); Gordon v. Heckler, 586 F.Supp. 805 (E.D.N.Y. 1984). Also, Pratts v. Chater, 94 F.3d 34, 37-38 (2d Cir. 1996).

Moreover, the Commissioner's findings and conclusions may not be supplemented or modified unless the change is in Gifford's favor. In other words, the Commissioner may not use this opportunity, which was created by the Social Security Administration's own error, to Gifford's detriment.

## Order

IT IS ORDERED that the Commissioner's motion for remand is GRANTED and that the case is REMANDED, pursuant to the sixth sentence of 42 U.S.C. § 405(g), to the Commissioner of Social Security for the purpose of rebuilding the lost file.

IT IS FURTHER ORDERED that the reconstructed case SHALL be re-

submitted to this court **by August 21, 2006.**

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 17th day of May, 2006.

                                        JAMES D. KIRK
                          UNITED STATES MAGISTRATE JUDGE